UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ABRAM GADIKIAN,

    Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,

    Defendant.

Case No.:

## COMPLAINT

Plaintiff, ABRAM GADIKIAN ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"), and states as follows:

1. Plaintiff brings this action on behalf of himself seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant in negligently, knowingly and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ( "TCPA"), 47 U.S.C. §227 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et seq.*

## JURISDICTION AND VENUE

2. Defendant conducts business in the state of Florida, and therefore personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

4. Likewise, Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C §1391(b) as a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

5. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3). *See Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

## PARTIES

6. Plaintiff is a natural person residing in the Pinellas County, in the city of St. Petersburg, Florida and is otherwise *sui juris*.

7. Defendant is a Virginia corporation doing business in the State of Florida with its principal place of business located in McLean, Virginia.

8. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is a "person" as defined by 47 U.S.C. §153 (10).

10. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit and issued by Defendant.

11. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

12. Plaintiff is a "consumer" as defined in Florida Statue §559.55(8).

13. Plaintiff is an "alleged debtor."

14. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1625 (11th Cir.2014) and *Osorio v. State Farm Ban, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

15. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (716) 698-32XX.

16. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to, (800) 955-6600.

17. Upon information and belief and based on Defendant's prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

18. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

19. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

20. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

21. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

22. On or about October 28, 2016, at or about 11:05 a.m. Pacific Standard Time, Plaintiff called into Defendant at phone number (800) 955-6600 and spoke with Defendant's female representative ("Maureen") and requested that Defendant cease calling Plaintiff's cellular telephone.

23. During the conversation, Plaintiff gave Defendant both his phone number and social security number to assist Defendant in accessing his account before asking Defendant to stop calling his cellular telephone.

24. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on October 28, 2016.

25. Despite Plaintiff's request to cease, Defendant placed another collection call to Plaintiff on November 10, 2016.

26. Defendant continued to place collection calls to Plaintiff through January 20, 2017.

27. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff's cellular telephone, Defendant placed at least forty-five (45) automated calls to Plaintiff's cellular telephone.

## COUNT I - NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

30. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

31. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ABRAM GADIKIAN, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., for the following:

    a. Providing Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of TCPA violations alleged herein, to wit: forty-five (45) for a total of twenty-two thousand five hundred dollars ($22,500.00);

    b. Providing Plaintiff actual damages and compensatory damages according to proof at time of trial; and

    c. Granting Plaintiff such other and further relief as may be just and proper.

## COUNT II - KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227 et. seq.

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

35. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ABRAM GADIKIAN, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N. A., and in favor of Plaintiff as follows:

a. Providing Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of TCPA violations alleged herein, to wit: forty-five (45) for a total of sixty-seven thousand five hundred dollars ($67,500.00);

b. Providing Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## COUNT III - KNOWING AND/OR WILLFUL VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Fl. Stat. § 559.55 et. seq.

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

37. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute §559.72.

38. Defendant has violated Florida Statute §559.72 (7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

39. Defendant has violated Florida Statute §559.72 (7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

40. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff, ABRAM GADIKIAN, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., for the following:

a. Providing Plaintiff statutory damages of one thousand dollars ($1,000.00) pursuant to the Florida Consumer Collection Practices Act, *Fla. Stat.* §559.77(2);

b. Providing Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

c. Providing Plaintiff actual damages and compensatory damages according to proof at time of trial; and

d. Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

41. Plaintiff demands a jury trial on all issues so triable.

DATED: July 5, 2017.

                    Respectfully submitted by,

                    BY: /s/ Jason S. Weiss
                        Jason S. Weiss
                        Jason@jswlawyer.com
                        Florida Bar No. 356890
                        **WEISS LAW GROUP, P.A.**
                        5531 N. University Drive, Suite 103
                        Coral Springs, FL 33067
                        Tel: (954) 573-2800
                        Fax: (954) 573-2798
                        *Attorneys for Plaintiff*